**DRAKE v. GENERAL FINANCE CORPO-RATION OF LOUISIANA, Inc., et al.**

No. 9692.

Circuit Court of Appeals, Fifth Circuit.

May 1, 1941.

Rehearing Denied May 31, 1941.

Mrs. Sarah Drake (in propria persona), of San Antonio, Tex., and New Orleans, La., for appellant.

Jones T. Prowell and Richard T. McBride, both of New Orleans, La., for appellees.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

PER CURIAM.

The plaintiff-appellant sued for damages for loss of her automobile and her health, alleging that she had signed by trickery a bill of sale to her automobile, the instrument being represented as a note for a loan, she being in bad physical condition which was worsened into a nervous breakdown. The defendants made general denial and for a special defense set up that the claims made in this suit had been settled and compromised in full. A trial was had before the judge on the special defense. A witness for the defendants testified in great detail to the pendency of a suit in a State court by the plaintiff against the defendants for the taking of her automobile and consequent injury to her health, and of a suit by the defendants against the petitioner to foreclose a note and mortgage upon the automobile; that the day before sale of the automobile under foreclosure, after communicating with plaintiff's coun-

sel, plaintiff and witness agreed on a settlement of the whole matter which was to be reduced to writing and signed the following morning. At that time plaintiff's counsel was present and advised her against signing the agreement, but she did so, saying she wished to save her automobile from foreclosure. Her counsel was given a copy of the agreement. The foreclosure was stopped, and the note and mortgage cancelled and surrendered a day or so later. Collateral to the compromise agreement, which contained a bill of sale of the car to defendants, they gave an obligation back to plaintiff to retransfer it to her on her paying $500 at a stated date. This date was extended several times, but she never redeemed the car. The compromise agreement recites the pendency of the two suits, the purpose to settle all differences, and the agreement to withdraw the foreclosure and cancel the mortgage on the one side and to withdraw the suit for damages on the other, with a transfer of title to the automobile. It concludes with the statement that it is intended to be a full, complete and final compromise of any and all differences and claims of any nature between the parties, and particularly of the pending suits. It is duly signed and attested.

The petitioner testified in general terms that she was tricked into signing and was sick and upset and did not know what she was signing, and that her counsel was not present. She gave no details of any trick and testified to no misrepresentation. She admitted signing, the surrender of her cancelled mortgage note, and that she was never able to get up the money to redeem her car.

■ On this evidence the judge was authorized to believe the witness for the defendants and find there was no fraud or misrepresentation in the settlement. On a motion for rehearing the petitioner made affidavit of her crippled condition when the compromise was signed, of her financial burden in supporting her daughter and grandchildren, and her nervous condition, and reiterated that her counsel was not present. The judge refused a rehearing. In this we cannot say he erred. There was no newly discovered evidence. The affidavit did not go to the extent of showing mental incompetency to contract, and did not change the square conflict in the evidence as to what occurred. The Louisiana Civil Code, Art. 3071, establishes the validity of compromises of law suits, and re-

quires that they be in writing. When so evidenced, Art. 3078 declares the transaction to have the force of a thing adjudged. The judge having on conflicting evidence found that the compromise was freely made, it precludes reopening the matter compromised.

The judgment must be affirmed.

### On Rehearing

■ This court can consider nothing save what is stated in the record sent up from the trial court.

The motion for rehearing is denied.