**DEL REY AIR, a corporation, Plaintiff-Appellant,**

v.

**EXPRESSWAY AIRPARK, INC., a corporation, Defendant-Appellee.**

**No. 71-1617.**

United States Court of Appeals,
Tenth Circuit.

Oct. 16, 1972.

Floyd L. Martin, Oklahoma City, Okl., for plaintiff-appellant.

Larry G. Cassil, Oklahoma City, Okl. (Cassil, Jackson & Hall, Oklahoma City, Okl., on the brief), for defendant-appellee.

Before SETH, McWILLIAMS, and BARRETT, Circuit Judges.

McWILLIAMS, Circuit Judge.

This is a breach of contract action arising out of the purchase and sale of a used airplane. In its complaint, Del Rey Air, a California corporation, alleged that sometime prior to March 24, 1969, it negotiated with Expressway Airpark, Inc., an Oklahoma corporation, for the purchase of a 1956 Bonanza airplane and that the agreement for purchase required that "everything about the aircraft was to be in good working order." Del Rey went on to allege that it picked up the airplane on or about May 20, 1969, in Oklahoma City, Oklahoma, and that while en route to California the airplane developed engine trouble and did not "operate properly," to the end that

it finally became necessary to replace the engines at a cost of $13,902.49. Del Rey also sought as an additional item of damage the sum of $5,000 for its loss of the use of the airplane during the time it was being repaired. Finally, Del Rey made a specific request that reasonable attorney's fees be fixed by the court, as is apparently permitted by applicable Oklahoma statute. 12 Okl.St. § 936.

Expressway's answer was a denial of any breach of contract. Trial was to the court, a jury being waived by the parties. The trial court found generally that there was no breach of contract and found specifically that Expressway had made no warranty as to the condition of the engines. More particularly, in this connection the trial court found that when Del Rey decided it wanted the engines overhauled, Expressway, purely as an accommodation and favor to Del Rey, contacted Central Airmotive in Dallas, Texas, on Del Rey's behalf and ascertained that Central Airmotive would overhaul the engines at a lesser price than Del Rey could have the same work performed in California; that the airplane in question was then flown to Dallas at the direction of Del Rey where the engines were overhauled by Central Airmotive; and that Del Rey's dispute over the condition of the engines was with Central Airmotive, and not Expressway. Accordingly, judgment was entered in favor of Expressway on Del Rey's complaint. Additionally, Expressway having filed a request that it be allowed reasonable attorney's fees, the trial court fixed a fee in the sum of $2,500 and entered judgment therefor. Del Rey now appeals.

On appeal, Del Rey raises three points: (1) The evidence does not support the trial court's finding that Expressway made no warranty as to the condition of the engines; (2) that the trial court committed error in denying Del Rey's request made a few days before trial that it be granted a short continuance to permit it to attempt to add Central Airmotive as a party litigant; and (3) that the trial court erred in awarding Expressway attorney's fees in the sum of $2,500.

It was Del Rey's theory of the case that in purchasing the used airplane from Expressway, the latter guaranteed that the engines at time of delivery would be in good operating condition. Evidence on this point was conflicting. Expressway, it should be noted, was in the business of repairing frames on used or damaged airplanes and then placing them for sale. It did not repair engines. As concerns the engines on the airplane in question, the general manager of Expressway testified that he had no intent to overhaul the engines prior to any sale, as such was deemed by him to be unnecessary. However, the representative of Del Rey nonetheless indicated a desire to have the engines overhauled and that in this regard there was discussion at one time that Del Rey would fly the plane to California and have the work performed there.

It was in this setting, according to Expressway's general manager, that he suggested Del Rey might be able to get the same work done more cheaply at Central Airmotive in Dallas. Thereafter, purely as an accommodation and favor, the general manager of Expressway telephoned Central Airmotive and learned that the work could indeed be done more economically there. Then, at the direction of Del Rey, the airplane was flown to Dallas, where the engines were overhauled. The plane was thereafter returned to Oklahoma City, and, as indicated, engine trouble developed as Del Rey was flying the plane to its home base in California. Del Rey then made complaint, not to Expressway, but to Central Airmotive, who attempted to remedy the situation, but not to Del Rey's satisfaction. It was on this state of the record that the trial court made the findings and conclusions referred to above.

■ In a trial to the court without a jury, the findings of the court may not be set aside unless clearly erroneous. We cannot thus characterize the trial court's finding concerning the engines

in the instant case. On the contrary, such find support in the record and accordingly the trial court's determination in this regard must be upheld. Maloney-Crawford Tank Corp. v. Sauder Tank Co., 465 F.2d 1356 (10th Cir. 1972). The fact that the trial court's findings regarding the total purchase price were erroneous because of a mathematical miscalculation is of no moment. The crucial findings relate to the engines and the overhaul thereof.

 Del Rey also contends that the trial court committed error in denying its request made a few days before trial for a continuance to allow it opportunity to attempt to join Central Airmotive as a party litigant. This argument cannot be resolved on its merits for the reason that we find nothing in the record before us to indicate that such motion was in fact ever made. On review, we are generally limited to matters appearing of record. Drake v. General Finance Corporation of Louisiana, 119 F.2d 588 (5th Cir.1941).

The third matter raised by Del Rey concerns the allowance by the trial court to Expressway of attorney's fees in the sum of $2,500, the trial court in its formal judgment determining such amount to be "fair and reasonable." Again we encounter difficulty in resolving this matter on its merits for the reason that there is nothing in the record before us to indicate that any hearing concerning attorney's fees was ever held. Counsel says that such a hearing was held, and no doubt it was. But for some reason we do not find it in the record now before us. Perhaps the hearing was colloquy between court and counsel and not made a part of the record. In any event, it is not before us.

We agree with counsel that 12 Okl.St. § 936 would appear to permit a trial court to allow reasonable attorney's fees to the prevailing party in an action of the present type. However, in Sarkeys v. Haas, 402 P.2d 894 (Okl.1965), it was held that without evidence concerning the value of the attorney's services, a trial court acting under 12 Okl.St. § 936 is without authority to render judgment for an attorney's fee. In the instant case, there is no evidence as to the reasonable value of the attorney's services. Indeed, there is nothing in the record to indicate that a hearing of any sort was ever held on the matter. On this state of the record that portion of the judgment allowing attorney's fees in the sum of $2,500 cannot be upheld.

That part of the judgment allowing attorney's fees in the amount of $2,500 is reversed. Otherwise, the judgment is affirmed.