**MALONEY–CRAWFORD TANK COR-PORATION and The Fish Investment Corporation et al., Plaintiffs-Appellants,**

v.

**SAUDER TANK COMPANY, INC., Defendant-Appellee.**

No. 74–1357.

United States Court of Appeals, Tenth Circuit.

Argued Jan. 22, 1975.

Decided Feb. 24, 1975.

James R. Head, Tulsa, Okl., for plaintiffs-appellants.

Robert A. White, Houston, Tex. (David L. McGuire, Houston, Tex., on the briefs), for defendant-appellee.

Before BREITENSTEIN, HILL and BARRETT, Circuit Judges.

BARRETT, Circuit Judge.

This is a "sister" case to a patent infringement action we previously decided. Maloney-Crawford Tank Corporation v. Sauder Tank Company, 465 F.2d 1356 (10th Cir. 1972). We there upheld the validity of three patents relating to the dehydration of natural gas, and remanded for a determination of damages. Upon remand, after trial to the court, Maloney-Crawford Tank Corporation[1] and The Fish Investment Corporation (hereinafter collectively referred to as "appellants"), were awarded $27,000.00 damages against Sauder Tank Corporation (Sauder). Appellants challenge the adequacy of the damage award.

At trial it was established that Sauder had sold a total of 28 infringing units between July 31, 1962 and April 29, 1968; that the total sales price of the infringing units was $118,936.90; and that the accessories sold with the units totaled $18,555.10. It was also established that Rolo[2] was the exclusive licensee between February, 1958 and December, 1966; that as the exclusive licensee it paid a royalty of 3% of net sales on a minimum of 60 units per year from February, 1958 through December, 1966; and 3% of net sales with a minimum guarantee of $9,000.00 per year thereafter; and that from 1958 to 1965 it sold a

1. Exclusive licensee of patents owned by The Fish Investment Corporation.

2. Predecessor Licensee of the patents.

total of 665 units and paid a total of $84,923.83 in royalties. Rolo therefore paid an average unit royalty during this period of $127.70 ($84,923.93 ÷ 665). In the 1962 to 1968 period, Sauder, on the other hand, sold 28 infringing units and was assessed a "reasonable royalty" (damages) by the Trial Court of $964.28 per unit ($27,000.00 ÷ 28).[3]

In awarding damages to Appellants, the Trial Court found that: damages could be assessed against Sauder for the infringement of all three patents; Maloney-Crawford Tank Corporation had a right to recover damages as a successor in interest to Rolo as patent licensee; that the infringement by Sauder caused Appellants actual, pecuniary loss; that a "reasonable royalty" would be adequate to compensate for the infringements; that a reasonable royalty would have been 3% of Sauder's sales for the six year period or $4,500.00 per year, whichever was greater; that since the percentage royalty based on sales would be less than $4,500.00 per year, "the royalty owed by Sauder for the manufacture and sale of the infringing units is $4,500.00 per year for the years 1962 through 1968, excluding 1965, or $27,-000.00"; and that the $27,000.00 in damages represented "full and complete satisfaction for any form of infringement within the meaning of 35 U.S.C.A. § 271 by Sauder or any one of the purchasers of the infringing units."

The Trial Court also found that the $27,000.00 reasonable royalty would be complete satisfaction for the harm caused; that Sauder entered production of its infringing units after consulting with counsel, with the good faith belief that its units did not infringe; that Sauder acted in good faith even when litigation was inevitable; that the record contains no basis for increased damages; and that this was not an "exceptional" case that would warrant the awarding of attorney fees pursuant to 35 U.S.C.A. § 285.

On appeal Appellants contend that the Trial Court erred in: (1) determining that the present action precluded collateral actions in Colorado against Sauder's customers; (2) not awarding actual damages of $94,992.48; (3) not allowing interest from the time of infringement; (4) holding that Sauder did not act in bad faith; and (5) in denying attorney fees.

### I.

Appellants contend that the Trial Court erred in determining that the present action precluded their collateral actions in Colorado against Sauder's customers, specifically Rocky Mountain Natural Gas Co., who purchased the majority of the infringing units. Appellants contend that Sauder infringed only one of the patents by manufacturing and selling the infringing units, whereas Sauder's customers, by using the units, infringed the two companion process patents. Accordingly, Appellants argue that they were therefore entitled to separate actions against both Sauder and its customers.

In rejecting this argument the Trial Court found that: (1) "the units manufactured and sold by Sauder were designed to accomplish all of the contested claims of all three patents"; (2) Aro Manufacturing Co., Inc. v. Convertible Top Replacement Co., Inc., 377 U.S. 476, 84 S.Ct. 1526, 12 L.Ed.2d 457 (1964), is not supportive of Appellants' allegations of error; (3) Sauder had given its customers a "save harmless" agreement and that whatever harm was caused, "Sauder is liable for the full amount under this agreement"; and (4) that the '940 and '941 patents did not have a "separate value" and that "all three inventions were incorporated into one calcium chloride dehydrator."

Supportive of the Trial Court's determinations of the interrelationship of the three patents is this stipulation at the trial:

**3.** It is noteworthy that the "reasonable royalties" assessed by the Court in the form of

damages were approximately 23% ($27,000.00 ÷ $118,936.90) of Sauder's gross sales.

The only compensation received by Maloney-Crawford as a result of the sale of dehydrators manufactured under the patents in suit is the initial purchase price, there being no separate or additional compensation for the rights to operate under the patents covering such apparatus or its methods of use.

These findings are not specifically attacked or rebutted by Appellants. The appellate court must affirm the decision of a trial court if the findings are not clearly erroneous. Maloney-Crawford Tank Corporation v. Sauder Tank Company, *supra*; Boutell v. Volk, 449 F.2d 673 (10th Cir. 1971). We hold that the findings of the Trial Court as set forth above are not clearly erroneous.

■ Our affirmance of the Trial Court damage award is consistent with Aro Manufacturing Co. v. Convertible Top Replacement Co., Inc., *supra*:

> Hence we think that after a patentee has collected from or on behalf of a direct infringer damages sufficient to put him in the position he would have occupied had there been no infringement, he cannot thereafter collect actual damages from a person liable only for contributing to the same infringement. This principle is but an application of the rule that full satisfaction received from one tort-feasor prevents further recovery from another.

377 U.S. at 512, 84 S.Ct. at 1545.

## II.

Appellants contend that $27,000.00 was an inadequate damage recovery and that they should have recovered actual damages of $94,992.48.

In contending that the $27,000.00 was inadequate, Appellants argue that the damages should be, at a minimum, equal to the annual royalty fee of $9,000.00 for each of the seven years involved or $63,-000.00 and that, in the alternative, a more correct assessment would be an award of $94,922.48, representing the gross profit they would have allegedly received from the sale of the infringing units.

■ 35 U.S.C.A. § 284 affords the trial court broad discretion in assessing damages:

> Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, *but in no event less than a reasonable royalty* . . . together with interest and costs as fixed by the court. (Emphasis added).

As noted, *supra*, during 1958 to 1965, Rolo sold 665 units and paid a total of $84,923.83 in royalties, for an average royalty per unit of $127.70. Nothing in the record indicates that this was anything but a "reasonable royalty." On the other hand, as previously observed, Sauder sold 28 infringing units and was assessed damages, in the form of a "reasonable royalty" of $27,000.00, for an average royalty per unit of $964.28. Appreciating that a "reasonable royalty" to Rolo over a seven year period was $127.70 per unit, we cannot accept Appellants' contention that the court awarded royalty of $964.28 per unit was inadequate. In view of the royalty awarded, and the evidence that Rolo's net income before taxes was 3.6% of sales in 1963 and 7.9% of sales in 1964, we hold that the Trial Court did not err in refusing to award the damages requested by Appellants. As the Trial Court noted, had Rolo actually sublicensed licensee rights to Sauder, it is doubtful that Rolo would have passed on "to the sublicensee all of the royalties imposed by the patent owner."

## III.

■ Appellants contend that the Trial Court erred in not assessing interest from the date of infringement. We are in basic sympathy with this contention. Prior to its enactment, both House and Senate versions of 35 U.S.C.A. § 284 required "interest from the time the infringement occurred".[4] This language

---

4. H.R.Rep.No. 1587, 79th Cong., 2d Session 1 (1946); S.Rep.No.1503, 79th Cong., 2d Session 2 (1946), U.S.Code Cong. Serv., p. 1387.

was deleted, however, and as adopted, 35 U.S.C.A. § 284 provided for "interest and costs as fixed by the court." Under these circumstances, we cannot hold that the Trial Court erred in denying interest from the time that the infringement occurred in this case. Georgia-Pacific Corporation v. U. S. Plywood-Champion Papers, Inc., 446 F.2d 295 (2nd Cir. 1971); General Electric Company v. Sciaky Bros., Inc., 415 F.2d 1068 (6th Cir. 1969). Considerable latitude is to be afforded trial courts in assessing damages in patent infringement actions. Allen v. W. H. O. Alfalfa Milling Co., 272 F.2d 98 (10th Cir. 1959).

## IV. and V.

■ Appellants contend that the Trial Court erred in holding that Sauder did not act in bad faith and in denying their attorney fees. Appellants contend that the Trial Court abused its discretion in finding that Sauder acted in good faith. Appellants also contend that "The evidence tends toward some 'hanky-panky' between Sauder and Oliver Fowler of Rocky Mountain." We are unimpressed by these contentions. We hold that the Trial Court, under the facts in this record, properly denied increased damages and attorney fees.

■ In determining that Sauder acted in good faith, the Trial Court cited with approval the following language from Union Carbide Corporation v. Graver Tank & Mfg. Co., 282 F.2d 653 (7th Cir. 1960), cert. denied 365 U.S. 812, 81 S.Ct. 692, 5 L.Ed.2d 691 (1961), which we deem appropriate here:

Bad faith should not be attributed to [the infringer] because it contested and lost on the issue of infringement. Many a legal battle has been fought honestly and in good faith, but lost. . . . Neither do we think on this record that [the infringer] can properly be charged with bad faith or characterized as a conscious and wilful infringer when it acted upon the advice of equally experienced and competent counsel.

282 F.2d at 662, 663.

The predicates upon which Appellants attempted to justify increased damages were fully presented to the Trial Court. We cannot substitute our judgment for that of the Trial Court, absent clear error. We find none here. An appellate court cannot try a case de novo. Hinde v. Hot Sulphur Springs, Colorado, 482 F.2d 829 (10th Cir. 1973); Scaramucci v. Dresser Industries, Inc., 427 F.2d 1309 (10th Cir. 1970).

Although Appellants contend that the Trial Court erred in failing to award their attorney fees, this argument is advanced in a summary, token manner, void of factual clarification and recital of any cogent authority. In Q-Panel Company v. Newfield, 482 F.2d 210 (10th Cir. 1973), we held that the prevailing party in a patent infringement action is not entitled to attorney fees as a matter of law, and "[E]ven less that candid conduct will not dictate the award." Under the Q-Panel standard, which we reaffirm here, attorney fees are to be awarded only in "exceptional cases" subject to the "primary discretion of the trial court." Furthermore, we have held that the grant of attorney fees is erroneous where no evidence is presented relative to the incurring or the reasonableness of the fees connected to the value of the services performed. Irwin v. West End Development Company, 481 F.2d 34 (10th Cir. 1973), cert. denied 414 U.S. 1158, 94 S.Ct. 915, 39 L.Ed.2d 110 (1974); Del Rey Air v. Expressway Airpark, Inc., 468 F.2d 187 (10th Cir. 1972). The Trial Court did not err in refusing to increase the damages and award attorney fees.

## VI.

The Trial Court fully discharged the dictates of our remand in an exemplary manner.

Affirmed.