La Verne PEARSON, Plaintiff-Appellant,

v.

WESTERN ELECTRIC COMPANY, WESTERN ELECTRIC INSTALLATION ORGANIZATION DISTRICT OFFICE, Defendant-Appellee.

No. 76–1423.

United States Court of Appeals, Tenth Circuit.

Submitted Sept. 1, 1976.

Decided Oct. 20, 1976.

Elmer C. Jackson, Jr., Kansas City, Kan., for plaintiff-appellant.

E. J. Holland, Jr., and Sandra L. Schermerhorn, Kansas City, Mo., for defendant-appellee.

Before SETH, McWILLIAMS and BARRETT, Circuit Judges.

BARRETT, Circuit Judge.

La Verne Pearson (Pearson) appeals the order dismissing his claims for relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5.

Pearson was discharged from his employment with appellee, Western Electric Company, (Company) on Company's complaints that he had been dealing in drugs. Pearson alleges that the real motivation for his dismissal was racial discrimination; that Company cannot substantiate the narcotics dealing complaints; and that as a result of the complaints he is entitled to punitive damages.

After Pearson filed his complaint herein, he invoked the applicable arbitration provisions of the collective bargaining agreement then in effect between Company and his union, the Communication Workers of America. An arbitration agreement was thereafter reached by reason of which Pearson received full back pay and reinstatement. The District Court then granted a summary judgment dismissing Pearson's claims for back pay and reinstatement in order to prevent double recovery. In addition, Pearson's claims for compensatory (loss of credit standing) and punitive damages were denied, together with his motion to maintain the action as one for declaratory judgment. Subsequently, the Court granted Company's motion to dismiss Pearson's claim for attorney's fees and injunctive relief.

Pearson alleges that the District Court erred in: (1) not granting his claim for compensatory and punitive damages for humiliation, loss of good credit standing and damage to his character in light of the unproved narcotics dealing allegations, (2) not awarding him attorney's fees, and (3) granting the motion to dismiss his complaint and claims.

## I

Pearson contends that compensatory and punitive damages, for humiliation and harm/injury to his good character in light of the unproved narcotics dealings allega-tions, may be awarded under 42 U.S.C. § 2000e-5(g).

We recognize that the clearly erroneous rule does not apply when the ultimate question is the application of federal law to undisputed facts, which is the setting of this case before us. 9 Wright and Miller, Federal Practice and Procedure; Civil §§ 2588, 2589; Wright, Law of Federal Courts, 2nd Ed., § 96; *Colorado Springs National Bank v. United States,* 505 F.2d 1185 (10th Cir. 1974). With full knowledge of the above cited rule, we hold, as a matter of law, that the District Court did not err in finding and/or ruling that compensatory and punitive damages may not be awarded under 42 U.S.C. § 2000e-5(g). We adopt the rationale set forth in *Tooles v. Kellogg Company,* 336 F.Supp. 14 (D.Neb.1972), where the court refused to allow compensatory damages other than those representing loss of back pay in a 42 U.S.C. § 2000e action because to do so "would unduly strain the language of § 2000e and the legislative history does not support such a remedy." 336 F.Supp. at 18.

Punitive damages likewise have been disallowed in actions brought under 42 U.S.C. § 2000e-5(g). *Equal Employment Opportunity Commission v. Detroit Edison Company,* 515 F.2d 301 (6th Cir. 1975), U.S. App. Pendg; *United States v. N. L. Industries, Inc.,* 479 F.2d 354 (8th Cir. 1973); *Whitney v. Greater New York Corporation of Seventh-Day Adventists,* 401 F.Supp. 1363 (S.D. N.Y.1975); *Loo v. Gerarge,* 374 F.Supp. 1338 (D.Hawaii 1974); *Howard v. Lockheed-Georgia Company,* 372 F.Supp. 854 (D.Ga.1974); *Van Hoomissen v. Xerox Corporation,* 368 F.Supp. 829 (D.Cal.1973).

The language of 42 U.S.C. § 2000e-5(g) requires the application of equitable rather than legal remedies: "If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice . . . the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstate-

ment or hiring of employees, with or without back pay (payable by the employer, employment agency, or labor organization, as the case may be, responsible for the unlawful employment practice), or any other *equitable* relief as the court deems appropriate" (Emphasis supplied). The back pay award provided as relief in Title VII is not punitive in nature but equitable, intended to restore the recipients to their rightful economic status. *Curtis v. Loether,* 415 U.S. 189, 197, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974); *Robinson v. Lorillard Corporation,* 444 F.2d 791, 802 (4th Cir. 1971), cert. dismissed 404 U.S. 1006, 92 S.Ct. 573, 30 L.Ed.2d 655 (1971); *Johnson v. Georgia Highway Express, Inc.,* 417 F.2d 1122, 1125 (5th Cir. 1969). On the other hand, the award of punitive damages is treated as a legal rather than as an equitable remedy. Accordingly, punitive damages are not properly allowed under § 2000e-5(g). *Loo v. Gerarge, supra; Whitney v. Greater New York Corporation of Seventh-Day Adventists, supra.* In *Equal Employment Opportunity Commission v. Detroit Edison, supra,* the court disallowed punitive damages because, ". . . While affirmative action may not be limited to the reinstatement or hiring of employees with or without back pay, we believe that it is limited to relief of the same general kind, that is, equitable relief in the form of restitution." 515 F.2d, at 309. In *United States v. Georgia Power Co.,* 474 F.2d 906 (5th Cir. 1973), the Court held that Title VII was not enacted to seek to punish the responsible party, but rather to compensate the victim of discrimination. We agree.

The legislative history, as noted in *Van Hoomissen v. Xerox Corporation, supra* at 836, indicates that punitive damages were not intended as an available remedy under § 2000e-5(g), *supra.*

It is persuasive, we believe, to note that Title VIII of the 1968 Civil Rights Act (42 U.S.C. § 3612) specifically provides for the award of punitive damages. However, when the Congress in 1972 amended Title VII, no provision for the award of punitive damages was included. This has been in-

terpreted to mean that Congress did not intend to permit the award of punitive damages under § 2000e-5(g). *Van Hoomissen v. Xerox Corporation, supra; Howard v. Lockheed-Georgia Company, supra.* We agree. We are aware that punitive damages may be awarded under appropriate circumstances in private actions to recover for violations of other federal civil rights statutes. 14 A.L.R. Fed. 608.

█ Company points out that the provisions of Title VII are modeled closely upon the National Labor Relations Act, 29 U.S.C. §§ 160(b) and 160(c). Punitive damage awards have not been allowed under the National Labor Relations Act. *Consolidated Edison Co. v. National Labor Relations Board,* 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 (1938). By analogy, we believe that there is an implication that punitive damage awards should likewise not be allowed under § 2000e-5(g). We do not see merit in the argument that the National Labor Relations Act has a purpose of conciliation which is not parallel to the purpose of Title VII and that, accordingly, punitive damages are allowable under Title VII. We hold that the purpose of Title VII is not punitive, but corrective.

The United States Supreme Court has recognized, without criticism, the practice of disallowing punitive damages in Title VII suits. In *Johnson v. Railway Express Agency,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), the Court said:

. . . Where intentional engagement in unlawful discrimination is proved, the court may award backpay and order "such affirmative relief as may be appropriate." 42 U.S.C. (1970 ed., Supp. III) § 2000e-5(g) . . . Some district courts have ruled that neither compensatory nor punitive damages may be awarded in the Title VII suit.

421 U.S., at 458, 95 S.Ct. at 1719.

█ In addition to the foregoing reasons foreclosing Pearson's claims, we note that he has the burden of showing that the arbitration award was not intended to be a complete settlement. *Alexander v. Gard-*

ner-Denver Co., 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); *Oubichon v. North American Rockwell Corporation*, 482 F.2d 569 (9th Cir. 1973). The record before us does not contain any evidence proffered by Pearson in support of that burden.

Pearson has not been deprived of other remedies nor has he been limited to Title VII in his search for relief:

> The legislative history of Title VII manifests a congressional intent to allow an individual to pursue independently his rights under both Title VII and other applicable state and federal statutes.

*Alexander v. Gardner-Denver Co., supra,* 415 U.S. at p. 48, 94 S.Ct. at p. 1019.

## II

Pearson is not entitled to attorney's fees inasmuch as he is not the "prevailing party" in the District Court action as set forth in 42 U.S.C. § 2000e-5(k), which provides:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fees as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

█ It is only when a party has prevailed in a court action that he may be entitled to attorney's fees proportionate to the extent of his recovery. *Williams v. General Foods Corp.*, 492 F.2d 399, 409 (7th Cir. 1974); *Schaeffer v. San Diego Yellow Cabs, Inc.,* 462 F.2d 1002, 1008 (9th Cir. 1972).

> It has been held that a plaintiff who has prevailed in an action instituted by him under Title VII of the Act is entitled to recover an attorney's fee under § 706(k) of the Act as part of the costs in such an action in consonance with the legislative policy of encouraging individuals to seek judicial relief under Title VII.

Annot., 16 A.L.R. Fed. 643, 648 (1973). *See also: Rowe v. General Motors Corporation,* 457 F.2d 348 (5th Cir. 1972); *Robinson v. Lorillard Corporation, supra; Lea v. Cone Mills Corporation,* 438 F.2d 86 (4th Cir. 1970).

█ Pearson cannot prevail in his quest for attorney's fees. He is not the prevailing party in this proceeding. In *Williams v. General Foods Corp., supra,* the court narrowly defined "prevailing party" in a Title VII action *as a party who is successful in court,* consistent with the identical language of a "prevailing party" found in Fed. R.Civ.P., Rule 54(d), 28 U.S.C.A.

The arbitration award cannot be construed as an adjudication of Pearson's claim entitling him to the award of attorney's fees as the "prevailing party," inasmuch as the Congress by the use of those words in Title VII declared a legislative intent to limit the discretionary award of attorney's fees to the party who succeeded in a court action. We believe that it would be a dangerous precedent to construe an arbitration agreement as apportioning legal fault. This could very well eliminate the incentive for bargaining. Motivations other than fault may often be the basis for an arbitration agreement, such as the elimination of costs of trial or the avoidance of adverse publicity.

█ Even if Pearson were a "prevailing party," which he is not, he would not be entitled to attorney's fees inasmuch as he did not present evidence establishing the reasonable value of the legal services rendered. *Maloney-Crawford Tank Corporation v. Sauder Tank Company, Inc.,* 511 F.2d 10 (10th Cir. 1975); *Irwin v. West End Development Company,* 481 F.2d 34 (10th Cir. 1973), cert. denied, 414 U.S. 1158, 94 S.Ct. 915, 39 L.Ed.2d 110 (1974); *Del Rey Air v. Expressway Airpark, Inc.,* 468 F.2d 187 (10th Cir. 1972).

## III

We hold that the order granting the motion to dismiss was proper. All of the available forms of relief under Title VII have been granted to Pearson, i. e., back pay and reinstatement.

WE AFFIRM.