Prentice ROBINSON, Jr.,
Plaintiff-Appellant,

v.

John A. RICHARDSON, District Atty., Caddo Parish, and Charles R. Lindsay, Asst. District Atty., Caddo Parish, Defendants-Appellees.

No. 75-2844.

United States Court of Appeals,
Fifth Circuit.

July 25, 1977.

Prentice Robinson, Jr., pro se.

George M. Strickler, Jr. (Court-appointed—Not under Act), Charles E. DeWitt, Jr., New Orleans, La., for plaintiff-appellant.

John A. Richardson, Dist. Atty., 1st Jud. Dist. Court, Caddo Parish, Arthur R. Carmody, Jr., Shreveport, La., for defendants-appellees.

Before JONES, WISDOM and GODBOLD, Circuit Judges.

WISDOM, Circuit Judge:

In this case a state prisoner seeks redress under the Civil Rights Acts, 42 U.S.C. §§ 1981, 1982, and 1983 (1970), for alleged violations of his rights to due process and equal protection under the fourteenth amendment by the prosecutors in his trial for aggravated rape. We remand the case to the district court so that a more complete record, including transcripts of related state and federal proceedings, may be considered and evaluated by the district judge in connection with this action.

## I.

### THE RECORD BEFORE THIS COURT

The plaintiff-appellant, Prentice Robinson, Jr., a black male, was tried and convicted in December 1972 in the state District Court for the Parish of Caddo (First Judicial District Court), Louisiana, on a charge of aggravated rape. The victim of the rape was a white woman. In his pro se complaint, filed June 10, 1975, Robinson contends that the two defendants in the suit, the district attorney and assistant district attorney, used their preemptory challenges during the jury selection process for the sole purpose of excluding all members of the black race from the petit jury that tried him. The plaintiff alleges that of seventy-five prospective jurors twelve were black and none served at his trial, resulting in an all-white jury. In addition, Robinson contends that over a period of time the defendants have systematically and intentionally used their preemptory challenges to exclude blacks from juries constituted to try cases involving black-on-white crimes, particularly rape and murder.

In his complaint the plaintiff seeks production of the Caddo district attorney's records for the past five years on jury trials involving charges of crimes committed by blacks against whites. He also asks for an injunction against the continued use of

preemptory challenges by the district attorney's office in a racially discriminatory manner. Finally, Robinson requests compensatory damages of fifty thousand dollars against the defendants.[1]

In a memorandum order filed the same day the complaint was filed in this case, and before the complaint was served on the defendants, the district judge rejected the plaintiff's claim on the merits. From the judgment entered on that decision the plaintiff appeals.

## II.

The initial question raised by this appeal is whether exhaustion of state remedies is required before a state prisoner can challenge the constitutionality of his conviction with an action under section 1983. That is, we must determine whether habeas corpus is the exclusive remedy available to this plaintiff. See 28 U.S.C. § 2254(a) and (b) (1970). In Preiser v. Rodriguez, 1973, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439, the Supreme Court addressed this issue:

The respondents' counsel acknowledged at oral argument that a state prisoner challenging his underlying conviction and sentence on federal constitutional grounds in a federal court is limited to habeas corpus. It was conceded that he cannot bring a § 1983 action, even though the literal terms of § 1983 might seem to cover such a challenge, because Congress has passed a more specific act to cover that situation, and, in doing so, has provided that a state prisoner challenging his conviction must first seek relief in a state forum, if a state remedy is available.

411 U.S. at 489, 93 S.Ct. at 1836. The Court went on to hold:

What is involved here is the extent to which § 1983 is a permissible alternative to the traditional remedy of habeas corpus. Upon that question, we hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate or speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.

411 U.S. at 500, 93 S.Ct. at 1841.

Here the plaintiff contends that the jury was constituted in a discriminatory fashion in violation of the fourteenth amendment. See Swain v. Alabama, 1965, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759. He is therefore challenging the validity of his conviction and of his confinement.

In an attempt to distinguish Preiser the plaintiff-appellant contends that he is not asking for habeas relief, that is, release from prison, but only for injunctive relief against the continued discriminatory use of preemptory jury challenges by the Caddo Parish district attorney. As a result, he argues, his pro se complaint should be treated as a class action in which he is representing all blacks subject to such discrimination.

The plaintiff's complaint contains the allegation that at his trial and over a period of time the defendants have systematically excluded blacks from juries trying cases of black-on-white crimes by the use of preemptory challenges. Assuming that these allegations are true, the issue is whether this Court can properly grant injunctive relief against the continued discriminatory use of preemptory challenges by the defendants, when the plaintiff has not exhausted his state remedies, while refusing to determine whether the plaintiff himself suffered from such discriminatory actions. In Wolff v. McDonnell, 1974, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935, the

---

1. The plaintiff's appointed counsel for this appeal concedes that under Imbler v. Pachtman, 1976, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128, the defendants are immune from a civil suit for damages under section 1983. In Imbler the Supreme Court held that the immunity doctrine applies to a prosecutor's actions in initiating a prosecution and in presenting the state's case. We therefore treat this suit as an action for declaratory and injunctive relief only. As a result, this case does not raise the much more difficult issue, which sharply divided this Court en banc in Fulford v. Klein, 5 Cir. 1977, 550 F.2d 342, and Meadows v. Evans, 5 Cir. 1977, 550 F.2d 345, of whether the exhaustion requirement applies to an action solely for damages under section 1983.

Supreme Court was asked to consider, *inter alia,* an inmate's due process challenge to disciplinary procedures employed by the correctional institution in which he was confined. The Court concluded:

> Preiser expressly contemplated that claims properly brought under § 1983 could go forward while actual restoration of good-time credits is sought in state proceedings.

> .  .  .  .  .

> .  .  .  [I]t was proper for the Court of Appeals and the District Court to determine the validity of the procedures for revoking good-time credits and to fashion appropriate remedies for any constitutional violations ascertained, short of ordering the actual restoration of good time already canceled. (Footnote omitted.)

418 U.S. at 554–5, 94 S.Ct. at 2974. Thus the Court was willing, for habeas corpus and exhaustion purposes, to separate the issue of the general validity of prison disciplinary procedures from the question whether the good time credits of a particular inmate should be restored. The issue relating to good time credits was viewed as falling within the *Prieser* ban against permitting a state prisoner to challenge the "fact or duration" of his confinement without having exhausted his state remedies.

That separation of issues is not possible in this case. An element of proof in the *Swain* cause of action is the *systematic* use of preemptory jury challenges in a racially discriminatory manner. *Swain v. Alabama, supra,* 380 U.S. at 227, 85 S.Ct. 824. If successfully proved, that proof a fortiori puts into question the validity of the plaintiff's conviction. And, as the *Preiser* Court observed, "[A] state prisoner challenging his underlying conviction and sentence on federal constitutional grounds in a federal court is limited to habeas corpus". *Preiser v. Rodriguez,* 411 U.S. at 489, 93 S.Ct. at 1836. In *Fulford v. Klein,* 5 Cir. 1976, 529 F.2d 377, affirmed en banc, 5 Cir., 550 F.2d 342 (1977), we reiterated that principle:

We conclude from the Supreme Court cases that habeas corpus is the exclusive initial cause of action where the basis of the claim goes to the constitutionality of the state court conviction.

529 F.2d at 381. A resolution of the plaintiff's claims in his favor will result in a finding that his conviction is constitutionally invalid, and his release from prison will necessarily follow from such a finding. The plaintiff is therefore limited to a habeas corpus action for which exhaustion of his state remedies is a prerequisite. 28 U.S.C. § 2254(b).

### III.

### COLLATERAL PROCEEDINGS

During oral argument this Court was apprised for the first time of collateral state and federal proceedings instituted by the plaintiff-appellant in this case, in which he raised the same claim as that presented here.[2]

Subsequent to the filing of his complaint in this section 1983 action, and apparently after the appeal to this Court was perfected, the plaintiff filed a habeas corpus petition in the United States District Court for the Western District of Louisiana before the same judge who dismissed the complaint in this case, Ben C. Dawkins, Jr.

In an opinion dated March 15, 1976, the court rejected all of the plaintiff's claims, including that presented here, although on different grounds from those offered in the opinion-order which is the subject of this appeal. In the habeas corpus opinion Judge Dawkins stated that a certified record of state court proceedings reveals that Robinson has exhausted his state remedies. That opinion is not a part of the record compiled for the plaintiff's present appeal from the dismissal of his section 1983 action. Nevertheless, the suggestion that Robinson has exhausted his state court remedies reveals the incompleteness of the record in this case. Further, the opinion in the habeas corpus case suggests a more complete evaluation of the merits of the plaintiff's *Swain*

---

**2.** The attorney appointed to represent the plaintiff in this appeal was also unaware of such proceedings until they were raised during oral argument by the defendants' attorney.

336

claims than does the court's original opinion in this action. To avoid irrelevant and unnecessary judicial rulings, we remand this case to the district court so that a more complete record can be compiled as a basis for findings by the district court on the exhaustion question, the plaintiff's *Swain* claim, and defenses that the defendants may wish to raise. This approach prevents redundant legal proceedings and gives the plaintiff's attorney the benefit of the full record in this case in presenting his client's contentions in the district court.

VACATED AND REMANDED.

JONES, Circuit Judge, dissenting:

The appellant brought an action invoking 42 U.S.C.A. §§ 1981, 1982 and 1983. The district court properly treated the action as habeas corpus and properly dismissed it because state remedies had not been exhausted as required by 28 U.S.C.A. § 2254. After the judgment of the district court was entered and while this appeal was pending, state remedies were exhausted, or so it is represented. Instead of affirming the decision of the district court, the majority of this Court vacates the judgment and remands to expand the record and encompass proceedings subsequent to the judgment from which this appeal was taken and while the appeal was pending. This contravenes the rule that an appellate court should "consider nothing save what is stated in the record sent up from the trial court." *Drake v. General Finance Corp. of La.,* 5th Cir. 1941, 119 F.2d 588, 589, A number of the authorities so holding are cited in Judge Wisdom's opinion in *Smith v. United States,* 5th Cir. 1965, 343 F.2d 539. "This appellate court 'can only take the record as it finds it, and cannot add thereto, or go behind, beyond, or outside it, and it will not prosecute an independent inquiry' as to what happened in the lower court, not ruled upon by the district judge." *Brookins v. United States,* 5th Cir. 1968, 397 F.2d 261, 262.

I cannot agree that judicial economy requires the scrapping of established procedures.