Irene (Salazar) COMACHO, Appellee,

v.

COLORADO ELECTRONIC TECHNICAL COLLEGE, INC., Appellant.

No. 77–1144.

United States Court of Appeals, Tenth Circuit.

Submitted Nov. 15, 1978.

Decided Jan. 25, 1979.

Robert J. Mason, Colorado Springs, Colo., for appellant.

Gregory Walta, Colorado Springs, Colo., for appellee.

Before SETH, Chief Judge, and BREIT-ENSTEIN and LOGAN, Circuit Judges.

PER CURIAM.

Irene Comacho brought this Title VII action against the Colorado Electronic Technical College, and prevailed. The school has appealed only the amount of the back pay award and the attorney fees.

These two factors are, of course, left to the discretion of the trial court under 42 U.S.C. § 2000e–5(g) and (k), and the appellate court will not disturb the awards by the trial court short of an abuse of discretion. *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280; *Taylor v. Safeway Stores, Inc.*, 524 F.2d 263 (10th Cir.). Thus the issues are narrow and the scope of our review is limited.

A brief synopsis of the relevant facts will suffice. Plaintiff, a female Mexican-American, was fired on February 15, 1972. She was at that time on sixty days maternity leave without pay which began January 31, 1972.

Judgment was entered in December 1976 with an award of 56.5 months of back pay

which was calculated on the basis of 8.5 months in 1972 and the ensuing forty-eight months prior to judgment. This amount was reduced by the income plaintiff received from other employment during that time. The trial court granted attorney fees after a supporting affidavit was submitted. Counsel for defendant did not contest the reasonableness of the fees claimed.

■ With regard to the back pay award the college contends that it should be reduced to eighteen months of compensation. This figure uses a six-months maternity leave because plaintiff was pregnant a second time during the intervening period, and uses a 1974 cutoff date because the college at that time offered reinstatement without back pay.

We do not believe the trial court abused its discretion in making the back pay award. It cannot be said that the calculations were arbitrary because the trial court found that plaintiff used due diligence in seeking work. *Sprogis v. United Air Lines, Inc.,* 517 F.2d 387 (7th Cir.). This finding cannot be stricken unless clearly erroneous, *Silberhorn v. General Iron Works Co.,* 584 F.2d 970 (10th Cir.), and although there was conflicting evidence, the record supports the trial court. Therefore, we do not believe the trial court abused its discretion in awarding back pay.

■ The defendant also argues a question of law; that is, whether an offer of reinstatement without back pay determines the cutoff point for calculating an award of back pay. 42 U.S.C. § 2000e–5(g), as we have seen, gives the trial court discretion as to the remedies. The obvious purpose of the Act is to compensate persons for injuries suffered on account of unlawful discrimination. Congress clearly intended that the remedies employed would "make whole" as nearly as possible any person injured under the Act. Section 2000e–5(g) was intended to permit the restoration of the injured person to the position where he would have been were it not for the unlawful discrimination. *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280. Back pay is not punitive. *Pearson v. Western Electric Co.,* 542 F.2d

1150 (10th Cir.). An offer of reinstatement without back pay does not "make whole" the person injured by an illegal firing. Such a holding would circumvent the objectives of Title VII. The college thus did not offer to fully compensate plaintiff, but merely offered to reemploy her. The trial court provided a suitable award under the particular circumstances of this case. Thus we must hold that a reinstatement offer without back pay does not relieve a guilty employer from further liability. We hold that the pregnancy leave was properly treated by the trial court in the back pay issue.

■ The college also maintains that the attorney fees are excessive. Again, such fees are within the sound discretion of the trial court, and will not be disturbed unless the complaining party shows that the trial court based its computation on improper factors. *Taylor v. Safeway Stores, Inc.,* 524 F.2d 263 (10th Cir.). The affidavit submitted in support of attorney fees lists the factors to be considered. *Waters v. Wisconsin Steel Works of Int. Harvester Co.,* 502 F.2d 1309 (7th Cir.); *Barela v. United Nuclear Corp.,* 462 F.2d 149 (10th Cir.). The final award of $5,634.00 as fees is not an abuse of discretion by the trial court.

AFFIRMED.