Norman B. PARSON, Plaintiff,

v.

Paul W. KEVE, Director of the Delaware Division of Adult Corrections, Defendant.

Civ. A. No. 75–34.

United States District Court, D. Delaware.

April 26, 1976.

Arlen B. Mekler and Eugene J. Maurer, Jr., of Wise, Mekler & Winfield, Wilmington, Del., for plaintiff.

John M. Willard, Asst. Atty. Gen., Wilmington, Del., for defendant.

## MEMORANDUM OPINION

LATCHUM, Chief Judge.

The plaintiff in this Civil Rights suit [1] is a state prisoner who is serving a life sentence for first degree murder of a fifteen year old girl whom he killed while attempting to rape her.[2] He has been incarcerated by the

---

1. Plaintiff was granted permission to proceed *in forma pauperis.* (Docket Item 1)

2. The background history of plaintiff's conviction may be found in *Parson v. State*, Del.Supr., 222 A.2d 326 (1966), *cert. denied*, 386 U.S. 935, 87 S.Ct. 961, 17 L.Ed.2d 807 (1967); *United*

State of Delaware since he was first arrested and charged with murder on January 31, 1964. The defendant is the Director of the Delaware Division of Adult Corrections. Jurisdiction is alleged to exist by virtue of 28 U.S.C. § 1343(3) and (4) as implemented by 42 U.S.C. § 1983.

In brief the complaint alleges (1) that the plaintiff, a model prisoner and otherwise qualified, has been, and is being, denied "furloughs, work release and educational release" by the defendant because of intense public resentment against the plaintiff for the crime which he committed and because of defendant's fear of political reprisal which could adversely affect all of the correctional rehabilitative programs (Compl. pars. 8–12), and (2) that as a result of the public resentment and fear of political repercussion, plaintiff is being denied his "liberty" without due process of law (Compl. par. 20) and the restrictions placed against his participation in outside prison release programs deny him "equal protection of laws" (Compl. pars. 18 and 20).

Thus, the plaintiff seeks (a) a declaration by this Court that defendant's failure to permit the plaintiff to participate in outside prison activities violates plaintiff's constitutional rights and (b) an injunction directing the defendant to transfer the plaintiff to the custody of the correctional authorities of Iowa[3] or some other state where he would presumably be unhindered by public resentment or fear of political reprisals from participating freely in outside prison programs. The plaintiff seeks no damages but only the equitable and declaratory relief stated.

The Court on its own motion raised the question whether this action could properly be brought and maintained under the Civil Rights Act, 42 U.S.C. § 1983. The parties have now briefed and argued that issue and it is now ripe for decision.

The Court concludes that this action is not properly brought to enforce § 1983 rights, but is in effect and intent an action to obtain conditional *release* from the fact of his present physical confinement for the purpose of participating in outside prison activities such as furloughs, work or educational release programs.[4]

■ In short, plaintiff attacks the legality of his underlying physical confinement in order to secure partial release therefrom so that he may participate in outside activities. Consequently, since the plaintiff challenges the fact of his physical confinement as it presently exists and seeks a determination that he is entitled to immediate release from its absolute strictures so that he may participate in outside prison activities within the community at large, his sole federal remedy is a writ of habeas corpus which first requires the exhaustion of his available state remedies as required by 28 U.S.C. § 2254. This conclusion is demanded by the rationale and holding in *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), where the Supreme Court held that when a state prisoner challenges the fact or duration of his physical imprisonment and by way of relief seeks only imme-

---

*States ex rel. Parson v. Anderson,* 280 F.Supp. 565 (D.Del.1967); *Parson v. State,* Del.Supr., 275 A.2d 777 (1971); *United States ex rel. Parson v. Anderson,* 354 F.Supp. 1060 (D.Del. 1972), aff'd 481 F.2d 94 (C.A. 3, 1973), cert. denied, 414 U.S. 1072, 94 S.Ct. 586, 38 L.Ed.2d 479 (1973).

**3.** The transfer could apparently be accomplished under the Interstate Corrections Compact, 11 Del.C. §§ 6570–6573. Delaware has entered into such a compact with Iowa. If a transfer were thus effected, Iowa in receiving the plaintiff would act solely as agent for Delaware with regard to the plaintiff's custody. Art. IV(a), Interstate Corrections Compact.

**4.** The Division of Adult Corrections may grant temporary furloughs from the confining institution to inmates to visit their families or to be interviewed by prospective employers. 11 Del.C. § 6538; Del. Inmate Reference Manual, pp. F1–F5. The Division may also formulate work or educational release programs which permit inmates to work or attend school outside of prison within the community while still under correctional supervision. Such releasees are required to return to a correctional institution or a residential center after the completion of each work or school day. 11 Del.C. § 6533; Del. Inmate Reference Manual, pp. G1–G7, H1–H2.

diate release or a speedier release, his sole federal remedy is by writt of habeas corpus.

■ Furthermore, Supreme Court cases have established that habeas corpus relief is not limited to ordering an immediate *unconditional* release from illegal current custody. The writ is also available, for example, to challenge the place of confinement, *In Re Bonner,* 151 U.S. 242, 14 S.Ct. 323, 38 L.Ed. 149 (1894) and *Humphrey v. Cady,* 405 U.S. 504, 514, 92 S.Ct. 1048, 31 L.Ed.2d 394 (1972), or even future confinement, *Peyton v. Rowe,* 391 U.S. 54, 66–67, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968); *Walker v. Wainwright,* 390 U.S. 335, 88 S.Ct. 962, 19 L.Ed.2d 1215 (1968), without in any way disturbing other current confinement strictures placed upon the prisoner.

Clearly then, plaintiff's suit falls within the "core of habeas corpus." He alleges that the denial of the right to participate in activities outside of the prison amounts to illegal physical confinement from which he seeks immediate conditional release in order to spend his days outside of prison for the purpose of attending school, working in private employment, and visiting his family. Since this suit challenges the validity of the fact of plaintiff's current confinement, it is, under federal law, properly one for habeas corpus relief which requires an exhaustion of state provided remedies as a condition precedent to the invocation of federal judicial relief. To permit this suit to proceed under § 1983 would frustrate the explicit Congressional exhaustion requirement of the federal habeas corpus statute. *Preiser v. Rodriguez, supra,* 411 U.S. at 489–492, 93 S.Ct. 1827.

■ Moreover, there is no doubt that the Delaware Court of Chancery is available and open to the plaintiff in order to afford him the declaratory and injunctive relief which he seeks. That state court is always open to restrain or vindicate the denial of alleged constitutional rights. See *Belton v. Gebhart,* Del.Ch., 32 Del.Ch. 343, 87 A.2d 862 (1952), *aff'd,* Del.Supr., 33 Del.Ch. 144, 91 A.2d 137 (1952), *aff'd,* 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083 (1955); *Kelley v. Mayor & Council of City of Dover,* Del.Ch.,

314 A.2d 208 (1973), *aff'd,* Del.Supr., 327 A.2d 748 (1974); *University of Delaware v. Keegan,* Del.Ch., 318 A.2d 135 (1974), *rev. on other grounds,* Del.Supr., 349 A.2d 14 (1975).

Because it is conceded that plaintiff has made no effort to avail himself of a state-provided adequate remedy to vindicate his constitutional rights, this action will be dismissed to allow the plaintiff a fair opportunity to present his claims in the first instance to the Delaware courts in the interest of federal-state comity, the underlying rationale of the exhaustion requirement. *Fay v. Noia,* 372 U.S. 391, 419–420, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

An order will be entered in accordance with this memorandum opinion.