John FULFORD, Plaintiff-Appellant,

v.

Frank KLEIN, etc., et al., etc.,
Defendants-Appellees.

No. 74–2723.

United States Court of Appeals,
Fifth Circuit.

April 8, 1977.

John Fulford, pro se.

John Baus, New Orleans, La., Richard M. Lannen, Dallas, Tex., for plaintiff-appellant.

William J. Guste, Jr., Atty. Gen., Baton Rouge, La., Barbara Rutledge, Asst. Atty. Gen., New Orleans, La., John S. Baker, Jr., Louise Korns, Joseph B. Tosterud, Jr., William L. Brockman, Asst. Dist. Attys., New Orleans, La., for defendants-appellees.

Before BROWN, Chief Judge, and TUTTLE, GEWIN, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, MORGAN, CLARK, RONEY, GEE, TJOFLAT and HILL, Circuit Judges.*

PER CURIAM:

This case was decided by a divided panel of this Court, the opinion being reported at 529 F.2d 377 (5th Cir. 1976). Petition for rehearing en banc was granted. *Fulford v. Klein,* 529 F.2d 384 (5th Cir. 1976). After additional briefing and oral argument, the en banc court has decided to adhere to the majority opinion of the panel, so that opinion now states the position of the en banc court on this case.

Accordingly, the en banc court affirms the district court's holding that the civil rights action under 42 U.S.C.A. § 1983, if

* Circuit Judges WISDOM and THORNBERRY did not participate in this decision.

any, is not properly before the Court at this time because it involves an issue which goes to the constitutionality of petitioner's presently valid conviction, but vacates the order that the case be dismissed, and remands for reconsideration in light of the statute of limitations problem.

VACATED AND REMANDED.

AINSWORTH, Circuit Judge, dissenting:

I dissent from the en banc holding in this case which vacates the district order that the case be dismissed, and now remands the case for further consideration by the district court.

This prisoner suit for damages under 42 U.S.C. § 1983 against two assistant district attorneys and the superintendent of police allegedly for refusing to divulge exculpatory evidence which plaintiff asserts was in their possession should be dismissed.

As to the two assistant district attorneys, dismissal is required by the recent Supreme Court holding in *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

As to the other defendant, the superintendent of police, it should likewise be dismissed because the identical issue has been passed on by the Louisiana Supreme Court adversely to plaintiff's position and is therefore *res judicata. See State ex rel. Fulford v. Maggio,* 333 So.2d 641–642 (1976); *see also State ex rel. Feazel v. Henderson,* 263 La. 994, 270 So.2d 126 (1972). I am therefore in agreement with Judge Tjoflat's dissenting opinion in this regard and with the rationale there expressed that Fulford is collaterally estopped from continuing to litigate this issue in the present damage suit.

It is therefore pointless to remand this case to permit further proceedings in the state court when the issue has already been fully litigated all the way to the highest Louisiana court.

The district court opinion which dismissed this suit should be AFFIRMED.[1]

1. Under the circumstances I do not reach the question of whether this section 1983 suit may be pursued before state remedies are exhaust-

TJOFLAT, Circuit Judge, with whom TUTTLE, GOLDBERG and GODBOLD, Circuit Judges, join, dissenting:

This case presents the same question as its companion case, *Meadows v. Evans,* 550 F.2d 345 (5th Cir. 1977), also decided today: That is, whether a prisoner may litigate in a damages action brought under 42 U.S.C. § 1983 (1970) an issue previously decided against him in state criminal proceedings. In that case as here, the majority's response is that the section 1983 damages action may not be maintained until the prisoner has first exhausted his state remedies as required by the habeas statute, 28 U.S.C. § 2254 (1970). I disagreed with this method of disposing of the prisoner's claim in *Meadows*[1] on the ground that it is foreclosed by the Supreme Court's decisions in *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), and *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), and is in conflict with the rationale developed in a series of our decisions which the majority has apparently chosen to ignore.[2]

## I

The allegations of appellant's pro se complaint reveal that on April 28, 1971, he was indicted for murder by the Orleans Parish grand jury. Before the case came on for trial appellant moved for the production of certain police reports which allegedly constituted *Brady* material.[3] Two hearings were conducted, during which the court ordered the prosecution to produce any exculpatory material in its possession or control. The prosecutor advised the court that the state had no such evidence, and the court accepted the response.[4] On March 2, 1972, the appellant was tried and convicted by a jury and sentenced to life imprisonment. Thereafter he filed several post-trial motions, which again raised the *Brady* issue. These motions were heard by the trial judge on December 21, 1972, and subsequently denied. Appellant alleges that he took a timely appeal of the conviction to the Louisiana Supreme Court. It cannot be determined from the complaint whether the appeal had been concluded when, on June 10, 1974, appellant filed the section 1983 action now before us.

In his complaint appellant charges that he was framed by the defendants[5] in the state court criminal proceedings in that they knowingly suppressed evidence favorable to him. He sought $1,000,000 in damages against them.[6] On its own initiative,

ed. *See also* my dissenting opinion in *Covington v. Cole,* 5 Cir., 1976, 528 F.2d 1365, 1373. *See also Smart v. Jones,* 5 Cir., 1976, 530 F.2d 64, and *Bruce v. Wade,* 5 Cir., 1976, 537 F.2d 850.

1. 550 F.2d at 346 (Tjoflat, J., concurring in part and dissenting in part).

2. See cases cited in Part IV of my opinion in *Meadows, supra.*

3. *See Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

4. The hearings were conducted on September 13 and October 7, 1971. The complaint alleges that at the latter hearing the following colloquy ensued:
   BY THE COURT: "Do you have any specific statements or any specific names and addresses of any individuals tending to negate the guilt of these defendants."
   BY [prosecutor]: "No, we do not, your Honor."
   BY THE COURT: "All right. I'm going to accept that at face value . . . The

State has made a bold unequivocal statement that they have no such information and the Court is bound by it's answer . . . ."

5. The defendants were the two state prosecutors who participated in the criminal proceedings and the superintendent of the New Orleans police. The prosecutors, of course, enjoy absolute immunity from suits such as this under *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

6. Appellant also sought various other forms of relief; however, he did *not* seek either release from confinement or a declaratory judgment that the conviction is constitutionally infirm because a *Brady* violation operated to deny him a fair trial.

the district court dismissed the complaint on the ground that appellant had not yet exhausted his state remedies. From that judgment of dismissal, appellant prosecuted this appeal.

In reversing the district court,[7] the majority of the panel agreed that appellant was required to exhaust his state remedies before prosecuting his damages action. However, the court was concerned about the possibility that the statute of limitations might bar appellant's section 1983 claim if it could not be commenced until the state remedies had been exhausted, and thus it ordered the case remanded "for consideration of whether the suit should be held in abeyance, rather than dismissed."[8]

Subsequently, the Louisiana Supreme Court denied appellant's appeal of the murder conviction and noted: "With particular reference to the alleged *Brady* violation because of a denial of pre-trial access to the police report, the trial record shows that the defendant's counsel had secured a copy of it before trial." *State ex rel. Fulford v. Maggio,* 333 So.2d 641, 642 (1976). Despite this resolution by the highest state court of the *Brady* claim underlying the present action, the en banc court today adopts the panel opinion which sends the appellant back to the state court to exhaust state remedies.

## II

A state criminal conviction will estop a defendant who is a plaintiff in a subsequent civil rights action from litigating in that action an issue which was necessarily resolved against him in the prior criminal proceeding. Here, the *Brady* issue appellant seeks to litigate anew was specifically raised and resolved in the prior criminal proceeding, and under our prior cases[9] the state court's resolution of the claim forecloses further litigation of the issue in a section 1983 context. Yet, today, by adopting the panel opinion, we send the plaintiff back to state court to exhaust his state remedies. One might well ask what state remedy should the plaintiff pursue? In the context of the federal habeas corpus statute,[10] the exhaustion requirement is satisfied if the issue has been decided—on either direct or collateral review—by the highest court of the state. *Irvin v. Dowd,* 359 U.S. 394, 79 S.Ct. 825, 3 L.Ed.2d 900 (1959); *Whippler v. Balkcom,* 342 F.2d 388 (5th Cir. 1965). The issue appellant has raised has been decided by Louisiana's highest tribunal. Is the court now requiring appellant to pursue further state court resolution of the matter?

On the other hand, if the exhaustion requirement has been satisfied, and I think it clearly has, do we mean to suggest that appellant may now proceed to litigate the issue in a section 1983 action despite the unfavorable state court adjudication? I cannot ascertain from the majority's analysis whether the appellant must first institute and exhaust federal habeas corpus proceedings, or, if not, whether the doctrine of collateral estoppel may be raised defensively in the section 1983 action to prevent another determination of the issue.

With respect, I suggest that today's decision creates more problems than it solves. It gives the district courts no procedural guidance whatever as to how they should handle a section 1983 claim which, having received state court treatment under the exhaustion doctrine, has returned to the bosom of the district court for further proceedings. I, therefore, dissent.

---

7. *Fulford v. Klein,* 529 F.2d 377 (5th Cir. 1976).

8. *Id.* at 378.

9. See note 2 *supra.*

10. 28 U.S.C. § 2254 (1970).