**UNITED STATES of America ex rel. Lynn A. WILLIAMS**

v.

**Julius T. CUYLER.**

**Civ. A. No. 77–1797.**

United States District Court, E. D. Pennsylvania.

Oct. 18, 1977.

MEMORANDUM

VanARTSDALEN, District Judge.

A state prisoner, having served approximately six years of a ten to twenty year sentence, seeks by this civil rights action to be "put in furlough status and released on a temporary home furlough." Jurisdiction was asserted under 42 U.S.C. § 1983 and upon the magistrate's recommendation, the case was allowed to proceed. The defendant, who is the superintendent of the prison wherein plaintiff is confined, has filed a motion to dismiss or in the alternative for summary judgment.

Although not raised by defendant, the relief sought by plaintiff probably could be granted only by way of a writ of habeas corpus. If so, state remedies must first be exhausted before proceeding in federal court. 28 U.S.C. § 2254. There being no allegation or intimation of any attempt to obtain the desired relief through state court proceedings, the action is subject to dismissal for lack of jurisdiction.

Aside from the jurisdictional issue, it is clear that plaintiff is not entitled to the requested relief. The statute permitting furloughs of prisoners under specified circumstances is set forth in 61 P.S. §§ 1051–1053. The statute makes clear that the grant of a temporary home furlough is not a matter of right, but a matter of discretion by the prison authorities. 61 P.S. § 1052(b) provides in pertinent parts:

> (b) Any person . . . confined . . . may be released therefrom temporarily with or without direct supervision at the discretion of the Bureau of Correction in accordance with rules and regulations . . . ˙for the purposes of gainful employment, vocational or technical training, academic education and such other lawful purposes as the bureau shall consider necessary and appropriate for the furtherance of the inmate's individual pre-release program . . . . .

Lynn A. Williams, pro se.

D. Bruce Hanes, Asst. Atty. Gen., Philadelphia, Pa., for defendant.

Pursuant to other provisions of the statute, before a prisoner may be released prior to expiration of his minimum sentence, no-

tice to and non-objection by the sentencing judge must occur. Rules and regulations were established by the Bureau of Corrections as mandated by the statute, 61 P.S. § 1053 and are attached to defendant's motion papers. The regulations provide for temporary home furloughs, which is the only form of relief plaintiff seeks. Such furloughs may be granted "for a period not to exceed seven (7) consecutive days for the purpose of furthering an inmate's rehabilitative programs."

Title IV of the regulations sets forth the criteria for eligibility. That section expressly provides:

Satisfying the eligibility criteria for Pre-Release Transfer does *not* mean the inmate will automatically be permitted to participate in one or more of the Pre-Release Programs."

The criteria are enumerated as follows: (1) completion of one-half the minimum sentence, (2) no existing detainers, (3) favorable recommendation by the correctional facility staff, (4) no serious misconducts, (5) medical clearance, (6) approval by the correctional facility Superintendent, (7) no objection by the sentencing judge if less than the minimum sentence has been served. Plaintiff contends that he is able to meet all of these requirements, except the favorable recommendation of the staff and approval by the Superintendent, who is the only defendant in this action. Although the sentencing judge has not been notified formally of the application, plaintiff asserts that the "no objection" requirement would be met.

The complaint alleges that plaintiff was interviewed on April 26, 1977 by officials for the "purpose of being staffed for a temporary home furlough." The officials conducting the interview are alleged to be "Director of Treatment Lawrence Reid and Social Worker Gillis," who informed plaintiff that they felt he did not have enough time in for a home furlough. This belief, plaintiff alleges, was based on their personal standards and not institutional criteria. He also contends that other inmates "that haven't even served half of their minimum sentence have been released on furlough at least five or six times."

In the motion for summary judgment, the defendant attaches an affidavit averring that plaintiff's application for home furlough was administratively disapproved because plaintiff still had four more years to serve before completion of the minimum sentence, thereby inducing a staff decision that plaintiff's rehabilitative progress would be better served if he were to re-apply in approximately one year. The affidavit further alleges that from 1974 to the present no inmate has received a temporary home furlough without serving at least one-half of the minimum sentence.

Plaintiff filed an answer to the defendant's motion, but has supplied no facts by affidavit or otherwise controverting the defendant's stated reasons for denying the application.

■ Both the statute and regulations impose broad discretion upon the prison officials. Only in the event of an arbitrary abuse of such discretion of such severity as to amount to a lack of due process or equal protection could there arise a valid § 1983 claim. This is not such a case. The contention that plaintiff was denied equal protection because of release of others even though they had not served one-half of their minimum sentence is without merit. First, the regulations, which plaintiff in no way attacks, require serving at least one-half of the minimum sentence. In addition, the defendant's affidavit establishes that no such furloughs have been granted.

Judgment will be granted in favor of defendant.