**Glenn C. BULLOCK**

v.

**Julius T. CUYLER.**

Civ. A. No. 78–120.

United States District Court,
E. D. Pennsylvania.

Aug. 15, 1978.

---

William B. Carr, Jr., Philadelphia, Pa., for plaintiff.

Axel A. Shield, II, Asst. Atty. Gen., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Plaintiff Glenn C. Bullock ("Bullock"), a prisoner of the Commonwealth of Pennsylvania in the custody of the Pennsylvania Bureau of Correction, brought this civil rights action, pursuant to 42 U.S.C. § 1983, to redress the deprivation of rights secured to him by the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the Constitution of the United States. Specifically, Bullock alleges that his civil rights were violated when defendant Julius T. Cuyler ("Cuyler"), Superintendent of the State Correctional Institution at Graterford, arbitrarily and discriminatorily denied Bullock's application for a temporary home furlough ("furlough") under the Bureau of Corrections pre-release programs, 61 P.S. § 1051 *et seq.*, (Supp. 1977). The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 2201, 2202 and 1343(3) and (4). The complaint seeks both legal and equitable relief.[1]

---

1. Bullock's prayer for relief states:

WHEREFORE, Plaintiff, Glenn C. Bullock, respectfully prays to advance this cause on the docket, order a speedy hearing at the earliest practicable date, and thereafter enter judgment granting Plaintiff:

1. A declaratory judgment that Defendant's acts, policies and practices, as applied to Plaintiff discriminatorily, violate Plaintiff's rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983;

2. A preliminary and permanent injunction requiring Defendant (1) to apply the same standards in the consideration of Plaintiff's applications for temporary home furlough as are applied to all other residents' applications, and (2)

Presently before the Court is Cuyler's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(1) and (6), respectively. In support of his motions, Cuyler argues that, on the authority of *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), Bullock's sole federal remedy to obtain the declaratory and injunctive relief he requests is by means of a petition for a writ of habeas corpus subsequent to exhaustion of his available state remedies, because the claims in support of Bullock's request for equitable relief challenge the fact or duration of his confinement. Cuyler also argues that this Court should abstain from exercising jurisdiction over that portion of Bullock's claim which requests compensatory and punitive damages because, to do otherwise, would allow habeas corpus procedures to be circumvented by mere attachment of a damage claim to a complaint seeking immediate or speedier release. In response, Bullock argues that, on the authority of *Wilwording v. Swenson,* 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971) (per curiam), his claims are cognizable under 42 U.S.C. § 1983 because they challenge the conditions of his confinement. In addition, he argues that, even if he must resort to exhaustion of state remedies and a petition for a writ of habeas corpus to obtain the equitable relief he seeks, he has properly stated a claim for legal relief based upon 42 U.S.C. § 1983 over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1343(3) and (4).

In *Wilwording,* state prisoners who challenged only the living conditions and disciplinary measures of their confinement, but did not seek their release, sought state habeas corpus relief. After their state habeas corpus petitions were dismissed, the prisoners filed federal habeas corpus petitions which were dismissed on the ground that the prisoners had not properly exhausted alternative state remedies prior to seeking federal relief. In reversing the dismissal of the prisoners' federal petitions, the Supreme Court held, *inter alia,* that the prisoners' claims were properly cognizable in a federal habeas corpus action and also properly alleged a cause of action under the Civil Rights Act, 42 U.S.C. § 1983, for deprivation of constitutional rights by prison officials which was not subject to an exhaustion requirement. *Wilwording v. Swenson, supra,* 404 U.S. at 250–251, 92 S.Ct. 407. In *Preiser,* the Supreme Court granted certiorari to consider:

. . . the bearing of the *Wilwording* decision upon the situation before us— where state prisoners have challenged the actual duration of their confinement on the ground that they have been unconstitutionally deprived of good-conduct-time credits, and where restoration of those credits would result in their immediate release from prison or in shortening the length of their confinement.

*Preiser v. Rodriguez, supra,* 411 U.S. at 482, 93 S.Ct. at 1832. In *Preiser,* each of the state prisoners had brought an action in federal district court pursuant to 42 U.S.C. § 1983 challenging as unconstitutional the deprivation of their good-conduct-time credits by prison officials. After thoroughly reviewing the historical basis of federal habeas corpus relief, the Supreme Court held that:

[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.

*Id.,* at 500, 93 S.Ct. at 1841. In addition, the Supreme Court held that exhaustion of available state remedies is a condition precedent to the filing of a writ of habeas corpus. *Ibid.,* at 489–490, 93 S.Ct. 1827. In so holding, the Supreme Court noted that, even if the restoration of respondent's good-conduct-time credits would not have resulted in their immediate release, but

---

to approve Plaintiff's application and continue with its processing by writing to Plaintiff's sentencing judge; and

3. Such other and further relief, including compensatory and punitive damages, as this Court deems just, proper and equitable.

only in shortening the length of the actual confinement of the person, habeas corpus would have been their appropriate remedy.

In the instant case, Bullock's claim is that he was unconstitutionally deprived of an opportunity to participate in the Commonwealth's pre-release furlough program. The regulations promulgated pursuant to 61 P.S. § 1053, and which describe the particular pre-release programs, define a temporary home furlough as:

> The authorized leave of a resident from a Commonwealth correctional institution for a period not to exceed seven days for the purpose of furthering the rehabilitative programs of the resident.

37 Pa.Code § 95.111. Subsequent furloughs may be granted to a prisoner on a periodic basis. Thus, the clear effect of granting a state prisoner a furlough is to decrease by a minimum of approximately seven days the length of time that prisoner spends in actual confinement. Therefore, while release on furlough would obviously not result in the prisoner's immediate, ultimate release from confinement, it would shorten the duration of his confinement. On the basis of the foregoing, we hold that a state prisoner's challenge to the standards applied in the denial of his request for a furlough is a challenge to the fact or duration of his confinement and thus cognizable solely by means of a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §§ 2251, 2254, after such state prisoner has exhausted his available state remedies. *Accord, Wright v. Robinson,* Civil Action No. 78–741 (E.D.Pa., July 10, 1978); *Parson v. Keve,* 413 F.Supp. 111 (D.Del.1976).

In addition, we hold that interests of federal-state comity compel this Court to abstain from proceeding with Bullock's claim for monetary damages pursuant to 42 U.S.C. § 1983 pending the resolution of the issue underlying that claim by the courts of the Commonwealth of Pennsylvania. While it is clear that Bullock's claim for monetary damages is properly based upon 42 U.S.C. § 1983, that this Court has jurisdiction of that claim pursuant to 28 U.S.C. §§ 1343(3), (4) and that no exhaustion of available state remedies is required prior to the bringing of a civil rights claim in federal court, *see Preiser v. Rodriguez, supra,* 411 U.S. at 494, 93 S.Ct. 1827, it is equally clear that Bullock's primary concern is to secure a pre-release furlough rather than to obtain monetary damages for the alleged deprivation of his constitutional rights. Because the issue underlying Bullock's claim for equitable relief is identical to the issue underlying his claim for legal relief, we find that the Congressional policy underlying 28 U.S.C. § 2254 and the interests of federal-state comity compel this Court to abstain from proceeding with Bullock's legal claim until that issue has been resolved by the state court. *Id.,* at 489–492, 93 S.Ct. 1827; *see also Wright v. Robinson, supra,* slip op. at 3–5; *Fulford v. Klein,* 529 F.2d 377 (5th Cir. 1976), *aff'd en banc,* 550 F.2d 342 (1977); *Wallace v. Hewitt,* 428 F.Supp. 39 (M.D.Pa. 1976). To do otherwise would permit state prisoners to circumvent the requirements of 28 U.S.C. § 2254 by the mere attachment to their complaint of a spurious claim for monetary relief.

Accordingly, for the reasons stated above, we will grant Cuyler's Fed.R.Civ.P. 12(b)(1) and (6) motions to dismiss. In addition, we will dismiss Bullock's equitable claims without prejudice to refile pursuant to 28 U.S.C. § 2254 subsequent to exhaustion of his available state remedies and we will dismiss Bullock's legal claims without prejudice to refile pursuant to 42 U.S.C. § 1983 subsequent to the resolution of the underlying issue by the courts of the Commonwealth of Pennsylvania.

An appropriate Order will be entered.