Clayton **THOMAS**

v.

**Julius T. CUYLER et al., Individually and in his official capacity as superintendent of the State Correctional Institution at Graterford.**

**Civ. A. No. 78–1034.**

United States District Court,
E. D. Pennsylvania.

March 26, 1979.

Gerald Bruderle, Philadelphia, Pa., for plaintiff.

Jerry I. Drew, Asst. Atty. Gen., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court is the motion of defendant Julius T. Cuyler ("Cuyler") to dismiss for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1), and for failure to state a claim upon which relief can be granted, pursuant to Fed.R. Civ.P. 12(b)(6).[1] For the reasons stated below, the motion will be granted. The plaintiff's claims for declaratory and injunctive relief will be dismissed without prejudice to refile them pursuant to 28 U.S.C. § 2254 subsequent to exhaustion of his available state remedies, and the plaintiff's legal claims will be dismissed without prejudice to refile pursuant to 42 U.S.C. § 1983, subsequent to the resolution of the underlying issues by the courts of the Commonwealth of Pennsylvania.

The plaintiff Clayton Thomas ("Thomas"), an inmate at the State Correctional Institution at Graterford ("Graterford"), filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983, alleging jurisdiction pursuant to 28 U.S.C. § 1343 and demanding injunctive, declaratory and monetary relief. Thomas alleges that Cuyler, the Superintendent of Graterford, arbitrarily denied his application for a home furlough under the Bureau of Corrections prerelease programs, 61 P.S. § 1051, *et seq.*, (Supp.1977), on the ground that Thomas received a "misconduct" eighteen months prior to his furlough application. Thomas alleges that Cuyler thereby violated the duly promulgated regulations of the Bureau of Corrections and violated rights guaranteed to Thomas by the Fourteenth Amendment.

Cuyler moves for the dismissal of the complaint on the ground that Thomas is attacking the "fact or duration" of his confinement, as opposed to "conditions" of confinement and that, therefore, his sole federal remedy is under the *habeas corpus* statute. *See* 28 U.S.C. § 2254. Thomas argues that his claim for monetary relief is properly cognizable under 42 U.S.C. § 1983.[2]

In *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the Supreme Court stated:

[When] a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his *sole* federal remedy is a writ of habeas corpus. 411 U.S. at 500, 93 S.Ct. at 1841. (Emphasis added.)

Furthermore, in order to succeed on a petition for a writ of *habeas corpus,* it is necessary that the inmate attacking the fact or duration of confinement exhaust his state remedies. *Preiser v. Rodriguez, supra,* 411 U.S. at 477, 93 S.Ct. 1827.

### I. *Injunctive and declaratory claims*

It is clear that a challenge of a denial of a furlough is an attack directed at the "duration" of confinement as opposed to "conditions" of confinement, for the purpose of the *habeas corpus* statute. *Wright v. Robinson,* (E.D.Pa.1978); *Parson v. Keve,* 413 F.Supp. 111 (D.Del.1976). In *Bullock v. Cuyler,* 463 F.Supp. 40 (E.D.Pa. 1978), the Court examined a virtually identical claim for injunctive relief directed at a denial of a prison furlough. We stated that:

. . . [t]he clear effect of granting a state prisoner a furlough is to decrease by a minimum of approximately seven days the length of time that prisoner spends in actual confinement. Therefore, while release on furlough would obviously not result in the prisoner's immediate, ultimate release from confinement, it would shorten the duration of his confinement.

---

1. The *pro se* complaint specifies "Julius T. Cuyler, et al" as defendants. However, because there is no record of service of process on any other defendant and because this Court's dismissal is on the merits of plaintiff's claim, the complaint will be dismissed as to all defendants.

2. Although the complaint was filed *pro se,* appointed counsel filed a brief in opposition to the motion to dismiss.

**1002**

On the basis of the foregoing, we hold that a state prisoner's challenge to the standards applied in the denial of his request for a furlough is a challenge to the fact or duration of his confinement and thus cognizable solely by means of a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §§ 2251, 2254, after such state prisoner has exhausted his available state remedies.

*Id.,* at 43 (emphasis added). Accordingly, the Court holds in the case at bar that Thomas' claim for declaratory and injunctive relief is solely cognizable by means of a petition for *habeas corpus. See also U. S. ex rel. Williams v. Cuyler,* 447 F.Supp. 540, 541 (E.D.Pa.1977).

II.  *Legal claims*

 In *Bullock v. Cuyler, supra,* we addressed the same argument raised here by Thomas; that is, that the claim for monetary relief is properly cognizable under 42 U.S.C. § 1983, even if the claim for equitable relief is not. We stated that:

. . . [w]hile it is clear that Bullock's claim for monetary damages is properly based upon 42 U.S.C. § 1983, that this Court has jurisdiction of that claim pursuant to 28 U.S.C. §§ 1343(3), (4) and that no exhaustion of available state remedies is required prior to the bringing of a civil rights claim in federal court, it is equally clear that Bullock's primary concern is to secure a pre-release furlough rather than to obtain monetary damages for the alleged deprivation of his constitutional rights. *Because the issue underlying Bullock's claim for equitable relief is identical to the issue underlying his claim for legal relief, we find that the Congressional policy underlying 28 U.S.C. § 2254 and the interests of federal-state comity compel this Court to abstain from proceeding with Bullock's legal claim until that issue has been resolved by the state court.* To do otherwise would permit state prisoners to circumvent the requirements of 28 U.S.C. § 2254 by the mere attachment to their complaint of a spurious claim for monetary relief.

*Bullock v. Cuyler, supra* at 43 (citations omitted) (emphasis added). We see no reason to doubt the vitality of this aspect of *Bullock, see also Fulford v. Klein,* 529 F.2d 377 (5th Cir. 1976), aff'd en banc, 550 F.2d 342 (1977); *Wallace v. Hewitt,* 428 F.Supp. 39 (M.D.Pa.1976), and the Court holds that Thomas' claim for monetary relief must be dismissed without prejudice pending resolution of the underlying issues by the state courts. An appropriate Order will be entered.