**Richard MORRIS, Plaintiff,**

v.

**A. Eugene HOAG and The Ohio Casualty Insurance Company, an Ohio Corporation, jointly and severally, Defendants.**

**No. G78–501–CA5.**

United States District Court,
W. D. Michigan, S. D.

Aug. 21, 1980.

I. Goodman Cohen, Detroit, Mich., for plaintiff.

Richard D. Ward, Grand Rapids, Mich., for defendants.

## OPINION AND ORDER

DOUGLAS W. HILLMAN, District Judge.

Plaintiff, Richard Morris, brings this action against A. Eugene Hoag, former Sheriff of Eaton County, Michigan, and the Ohio Casualty Insurance Company, Hoag's surety, for damages resulting from alleged obstruction of justice, perjury and malfeasance in office by the defendant Sheriff. Jurisdiction is maintained under 28 U.S.C. § 1343 and 42 U.S.C. § 1983.[1]

Defendants move for summary judgment. At issue is whether plaintiff's claim is barred by the statute of limitations. For reasons that follow, plaintiff's claim is not barred, and I accordingly deny defendants' motion for summary judgment.

## I. FACTS

On June 23, 1971, plaintiff was arrested for the murder of Gary Herrero, pursuant to an investigation conducted by defendant Hoag. Arraignment was held on October 26, 1971, where plaintiff was denied bail. Plaintiff thereafter remained incarcerated for over four years.

Plaintiff's trial on the charge of first degree murder culminated in his conviction on April 12, 1972. He was sentenced to life imprisonment. On December 4, 1974, the Michigan Court of Appeals reversed plaintiff's conviction and remanded for a new trial on a reduced charge of second degree murder (unpublished per curiam opinion, Docket No. 14273). The court held that insufficient evidence existed justifying a first degree murder conviction, and that evidence had been improperly excluded at trial. The court further ordered that all testimony relating to plaintiff's pretrial polygraph examination be excluded at his second trial.

On January 2, 1975, plaintiff was arraigned on an amended information. Bail was set at $50,000.00, which plaintiff secured. Plaintiff's second trial, which ran from January 5, 1976, to January 9, 1976, resulted in a mistrial due to misconduct by defendant. Contrary to the appellate court's orders, defendant, principal witness against plaintiff, testified at trial concerning plaintiff's prior polygraph examination.

1. 28 U.S.C. § 1343 reads as follows:

The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;

(2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

42 U.S.C. § 1983 reads as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Furthermore, defendant allegedly testified that incriminating evidence had been discovered in plaintiff's automobile when in fact it had not.

Plaintiff moved for dismissal of the charge against him due to defendant's misconduct. On May 13, 1976, a three-judge panel granted plaintiff's motion. The panel concluded that defendant Hoag had been derelict in his duty in investigating the case and in supplying the prosecutor with false evidence against plaintiff. (In his complaint, plaintiff further charges defendant with perjury, malfeasance in office, and obstruction of justice.)

The state prosecutor appealed dismissal of the charges against plaintiff. However, on August 22, 1977, the Court of Appeals affirmed. See, People v. Morris, 77 Mich. App. 561, 258 N.W.2d 559 (1977). In deciding that the three-judge panel's ruling was correct, the appellate court stated, at 560–561, 258 N.W.2d at 560–61:

"The circumstances of this case are highly unusual. We are not faced with prosecutorial misconduct, but rather with police misconduct so egregious and tenacious that even the good faith efforts of the prosecutor's office were unable to control it or prevent its intrusion into both trials . . . We believe a new trial would not be proper in the present case. At this late date the manifest improprieties and the pattern of misconduct present in the instant proceedings could not be sorted out and corrected so as to furnish the defendant a fair trial. The pattern of misconduct present here has irretrievably tainted this prosecution. A retrial would deprive the defendant of his right to due process of law since it would be fundamentally unfair in these circumstances. Therefore, dismissal was proper."

The Court of Appeals rested its holding upon a finding that defendant had been derelict in his duties in investigating the charges against plaintiff, as well as guilty of inexcusable neglect or deliberate deception in his testimony at both of plaintiff's trials. The Michigan Supreme Court denied leave to appeal on December 29, 1977. See, 402 Mich. 844.[2]

Plaintiff filed the present action against defendant on July 10, 1978, approximately seven months following the state Supreme Court's denial of leave to appeal. Plaintiff's complaint alleges obstruction of justice, malfeasance and perjury. Defendant now moves to dismiss that complaint. Defendant alleges that because plaintiff's suit was filed over two years after the charges against him were dismissed by the three-judge panel, suit is now barred by the state statute of limitations.

## II. DISCUSSION

Because the Civil Rights Act of 1871 (42 U.S.C. § 1983) itself contains no limitations period, courts are directed to look to the most analogous statute of limitations of the state where the cause of action arose. See, Mulligan v. Schlacter, 389 F.2d 231 (6th Cir. 1968). In that case, the Court determined that in Michigan, the applicable limitations period for claims arising out of alleged misconduct by police officers is two years, as set out in M.C.L.A. § 600.5805(4). That section reads:

SEC. 5805. No person may bring or maintain any action to recover damages for injuries to persons or property unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.

\* \* \* \* \* \*

(4) The period of limitations is 2 years for actions against sheriffs charging misconduct or neglect of office by themselves or their deputies."

The limitations period begins to run after plaintiff's claims "accrue". See M.C.L.A. § 600.5827.[3] However, although

---

2. As a result of the incident involving Morris, Hoag was eventually indicted by a citizens grand jury. See, People v. Hoag, 89 Mich.App. 603, 281 N.W.2d 137 (1979).

3. M.C.L.A. § 600.5827 reads as follows:

Sec. 5827. Except as otherwise expressly provided, the period of limitations runs from the time the claim accrues. The claim ac-

courts are directed to implement the state statute of limitations most analogous to the civil rights claim involved, the question of when the claim for relief "accrued" remains a question of federal law. *See, Kaiser v. Cahn*, 510 F.2d 282 (2nd Cir. 1974). Therefore, the court is faced, in the present case, with the question of when, under federal law, plaintiff's claim "accrued". If "accrual" occurred upon dismissal by the trial court of the criminal charges against plaintiff, or earlier, then plaintiff's action is untimely because it has been initiated after more than two years. On the other hand, if "accrual" occurred upon affirmance of the dismissal by the state appellate court, an appeal of right, or upon denial of leave to appeal by the state supreme court, then plaintiff's claim is timely.

Defendant Hoag argues that "accrual" occurred at the latest upon dismissal of the charges against plaintiff by the state's criminal trial court. Defendant maintains that plaintiff could have initiated this suit at any time during the two-year period following dismissal of the charges against him, and that failure to do so resulted in plaintiff's having slept on his rights. I cannot agree.

In *Fulford v. Klein*, 529 F.2d 377 (5th Cir. 1976), *aff'd en banc*, 550 F.2d 342 (1977), the Fifth Circuit ruled that a federal court cannot, prior to exhaustion of state remedies, consider a civil rights claim involving an issue which goes directly to the constitutionality of plaintiff's state court conviction and subsequent confinement. In that case, a state prisoner brought suit under Section 1983 against assistant district attorneys and the superintendent of police seeking damages based upon defendants' alleged withholding of possible exculpatory evidence at plaintiff's murder trial. Because plaintiff's appeal of his conviction was pending before

the state supreme court at the time he initiated his Section 1983 suit, the Louisiana federal district court dismissed the action as premature. On appeal, the Fifth Circuit agreed that plaintiff's suit was premature, based upon the Supreme Court's holding in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) and *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). However, the appellate court vacated the district court's dismissal order and remanded for a determination of whether or not the district court should retain jurisdiction of the case in order to preclude the running of the statute of limitations, or whether dismissal would be in order.

Similarly, in *Meadows v. Evans*, 529 F.2d 385 (5th Cir. 1976), *aff'd en banc*, 550 F.2d 345 (1977), decided the same day as *Fulford v. Klein, supra*, plaintiff brought a civil rights suit alleging an unconstitutional deprivation during his prison confinement and while appeal of his conviction was pending. Like *Fulford*, the case centered upon plaintiff's failure to exhaust state remedies. The court of appeals remanded to the district court (of Texas) for a determination of the same statute of limitations question at issue in *Fulford*.

For assorted reasons, however, neither district court ruled on the remanded issue. Apparently, therefore, a federal court has yet to decide whether civil rights plaintiffs necessarily must initiate their Section 1983 suits in federal court prior to the termination of state criminal proceedings against them (even though a federal court would be required to abstain from hearing the matter for reasons of comity and federalism), or whether "accrual" of the state statute of limitations is tolled until the state criminal proceedings are completed.[4] For the rea-

---

crues at the time provided in sections 5829 to 5838,[1] and in cases not covered by these sections the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results.

4. The question is applicable in the present case in that had plaintiff filed a civil rights action

prior to the state prosecutor's appeal of plaintiff's dismissal, under the reasoning in *Fulford v. Klein, supra*, this court would have had to abstain from hearing the matter. The state prosecutor's appeal involved questions essential to plaintiff's civil rights case, i. e., defendant's alleged malfeasance and obstruction of

sons that follow I hold that, under federal law, accrual is tolled.

The Second Circuit addressed the question of tolling civil rights actions in *Meyer v. Frank*, 550 F.2d 726, *cert. denied*, 434 U.S. 830, 98 S.Ct. 112, 54 L.Ed.2d 90 (1977), where it stated, at 729:

It is well settled that the federal courts have the power to toll statutes of limitations borrowed from state law in appropriate circumstances. *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 465, 95 S.Ct. 1716, 1722, 44 L.Ed.2d 295 (1975); *Holmberg v. Armbrecht*, 327 U.S. 392, 395, 66 S.Ct. 582, 584, 90 L.Ed. 743 (1946); *Moviecolor Ltd. v. Eastman Kodak Co.*, 288 F.2d 80 (2 Cir.), *cert. denied*, 368 U.S. 821, 82 S.Ct. 39, 7 L.Ed.2d 26 (1961). We recently have affirmed the applicability of this principle in the context of a § 1983 cause of action. *Kaiser v. Cahn*, 510 F.2d 282, 286–87 (2 Cir. 1974).

Whether to toll in a particular case has been stated in terms of whether application of the borrowed state statute of limitations would frustrate the policy underlying the federal cause of action asserted. *Johnson v. Railway Express Agency, Inc.*, *supra*, 421 U.S. at 465, 95 S.Ct. at 1722; *Burnett v. New York Central R.R.*, 380 U.S. 424, 426–27, 85 S.Ct. 1050, 1053–1054, 13 L.Ed.2d 941 (1965). The inquiry pursued in the cases, however, is somewhat broader than this statement implies. In practice, resolution of the tolling question involves striking a balance between protection of the substantive federal policy under consideration on the one hand and protection of the policy behind the statute of limitations on the other hand. The plaintiff's conduct–particularly his diligence in pressing his claim–also is taken into account.

The federal policy under consideration in the present case, of course, is the remedial purpose of the Civil Rights Act. Plaintiff seeks redress for wrongs described by the state appeals court as "egregious" and "tenacious". Further, this plaintiff has been diligent in pursuing his claim. The present action was initiated only seven months after the state supreme court denied leave to appeal the dismissal of the criminal charges against plaintiff.

Furthermore, tolling of the statute of limitations makes good sense in terms of judicial economy. State court determinations of plaintiffs' claims would be final and binding upon this court under the doctrine of *res judicata*. *See, Williams v. Ward*, 556 F.2d 1143 (2nd Cir.), *cert. denied*, 434 U.S. 944, 98 S.Ct. 469, 54 L.Ed.2d 323 (1977); *People ex rel. Snead v. Kirkland*, 462 F.Supp. 914 (E.D.Pa. 1978). Consequently, a contrary ruling would require plaintiff to initiate an action which a federal court ultimately would be precluded from hearing. Tolling, therefore, limits superfluous litigation.

Moreover, it similarly discourages criminal defendants from initiating federal actions designed to harass government witnesses, law enforcement officers and prosecutors by claiming that these witnesses' and government agents' actions violated a criminal defendant's civil rights. Criminal defendants would be precluded from initiating such suits until their criminal appeals have terminated and *res judicata* applied.

The statute of limitations is designed to prevent "surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Order of Railroad Telegraphers v. Railway Express Agency, Inc.*, 321 U.S. 342, 348–349, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944). It also protects the courts by relieving "the burden of trying stale claims when a plaintiff has slept on his rights." *Burnett v. New York Central R.R.*, 380 U.S. 424, 428, 85 S.Ct. 1050, 1054, 13 L.Ed.2d 941 (1965). *See also, Meyer v. Frank, supra*, at 730.

justice. Consequently, consideration by this court of whether defendant had obstructed justice or been derelict in his duties, to plaintiff's detriment, would have been premature in that the state had not yet finally resolved the issue. *See, Martin v. Merola*, 532 F.2d 191 (2nd Cir. 1976).

Plaintiff in this case, however, has not "slept on his rights". Instead, plaintiff has pursued his relief in state court, as required. For this reason, and those set out above, I conclude that "accrual" of plaintiff's claim is tolled until the culmination of criminal proceedings against plaintiff in state court. Consequently, I hold that plaintiff's claim is timely, and I accordingly deny defendants' motion for summary judgment.

IT IS SO ORDERED.