**George C. RILEY, Plaintiff,**

v.

**John KAYE, etc., et al., Defendants.**

**Civ. No. 86–4715 (AET).**

United States District Court,
D. New Jersey.

July 30, 1987.

---

## MEMORANDUM AND ORDER

ANNE E. THOMPSON, District Judge.

This matter comes before the court on motions by defendants for summary judgment or to dismiss the complaint for failure to state a claim, and on a motion by plaintiff George Riley for appointment of counsel. Three separate motions to dismiss have been filed: one by defendants County Prosecutor John Kaye, Assistant Prosecutor Alton Kenney, County Investigators John Cernak, Catherine West, John Faldutti, and Edward Kerschenbaum; another by Eatontown Chief of Police Joseph Pellela, Detectives Lt. Thomas Stoneham and Charles Stoneham; and a third by the parents of the minor B.M., Frank and Mary Ann McGarry. Plaintiff, George Riley, has brought this action pursuant to 42 U.S.C. § 1983. He alleges that the defendants conspired to entrap him and wrongfully convict him in violation of his constitutional rights.

Plaintiff was convicted on June 5, 1986 in New Jersey Superior Court, Law Division, Monmouth County, of attempted aggrava-

ted sexual assault, attempted endangering the welfare of a child, and attempted sexual assault. He was sentenced to a 20-year prison term.

Plaintiff appealed his conviction to the Superior Court, Appellate Division on October 31, 1986. The appeal is still pending in Monmouth County. In an Order dated December 3, 1986, this court granted plaintiff's motion to file his complaint *in forma pauperis*, and dismissed all claims made in the interest of the minor B.M. On December 4, 1986, plaintiff filed this civil rights action under 42 U.S.C. § 1983, alleging violations of the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

On April 23, 1987, this court denied defendants' motion to dismiss for failure to answer interrogatories, and issued an Order to compel discovery. By notice of motion originally returnable on June 15, 1987, defendants have moved to dismiss the complaint for failure to state a claim. Plaintiff has opposed the motion, and has additionally, moved for appointment of counsel. The motions were adjourned to July 20, 1987 to grant plaintiff additional time to respond.

■ In this § 1983 action, plaintiff seeks relief in the form of a declaratory judgment that his indictment and conviction were improper and demands that compensatory and punitive damages be assessed against all defendants named in the complaint. His complaint challenges the legality of his indictment, trial and conviction, and subsequent incarceration as violative of his constitutional rights. Section 1983 of the Civil Rights Act of 1871 provides that any person who, under color of state law,

> subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Plaintiff's complaint seeks, in effect, his release from prison. The arguments in plaintiff's papers maintain that he is being held illegally and that he should be released. A proceeding under § 1983 is not the appropriate method for obtaining this remedy, rather plaintiff should file for a writ of habeas corpus. In *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the United States Supreme Court denied relief under § 1983 to prisoners challenging their exclusion from a sentence reduction program. The court held that,

> when a prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.

*Id.*, at 500, 93 S.Ct. at 1841. Plaintiff argues that his every step through the judicial process leading to his conviction and incarceration was unconstitutional. The relief he requests in his papers is a declaratory judgment that all aspects of his indictment and conviction violated his constitutional rights. In essence he is requesting that the indictment be dismissed and his conviction be reversed. There can be no doubt that plaintiff "is challenging the very fact of his physical imprisonment. Consequently, we cannot review, as part of this § 1983 action that portion of his complaint which is in actuality, a petition for habeas corpus relief. Further, we cannot now treat these claims as a habeas action because a district court may not issue a writ of habeas corpus until the petitioner has exhausted his state remedies. *Rose v. Lundy*, 455 U.S. 509, 520, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982). Thus, only plaintiff's claims for damages under § 1983 remain for our consideration.

■ It is clearly established that damages are an appropriate form of relief for constitutional deprivations under § 1983. *Carey v. Piphus*, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978). Plaintiff bases his claim for damages on the alleged unconstitutionality of his indictment and trial, the same issue upon which his habeas claim is founded. Plaintiff's constitutional

claims have yet to be ruled on by the New Jersey State Courts, where plaintiff's appeal of his conviction is now pending. If the conviction is not reversed, plaintiff may raise these constitutional issues again in state post-conviction proceedings. If this court were to consider the damages claim now, we would also have to address these underlying constitutional questions, precluding full review of these issues by the state court system.

■ In *Younger v. Harris,* 401 U.S. 37, 44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971) the Supreme Court defined comity as "a proper respect for state functions ... in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the states." The Fifth Circuit cited to this notion of comity when determining whether to adjudicate a § 1983 claim for damages which, like Mr. Riley's claim, corresponded to a constitutional challenge of the plaintiff's conviction that had not yet been heard in the Louisiana state court system. *Fulford v. Klein,* 529 F.2d 377 (5th Cir.1976), *aff'd en banc* 550 F.2d 342 (1977). The Fifth Circuit concluded that,

> [i]t would be the height of disrespect for the integrity of the administration of justice in Louisiana if we were to attempt to decide, during the pendency of an appeal from a criminal conviction and prior to the pursuit of state habeas corpus remedies, whether a prisoner should be given damages because of a denial of the constitutional right to due process during his criminal trial.

*Id.,* at 381. In *Thomas v. Cuyler,* 467 F.Supp. 1000, 1002 (E.D.Pa.1979), the district court held that when a properly cognizable claim for monetary relief under § 1983 corresponded to an equitable claim that could not yet be heard in federal court, the "claim for monetary relief must be dismissed without prejudice pending resolution of the underlying issues by the state courts." Plaintiff's § 1983 claim for damages raises the same constitutional issues alleged in his habeas-type claims which we would have to dismiss for failure to exhaust state remedies. For this court to inquire now into the question of damages would undermine the state's right to fully adjudicate these constitutional questions. Our tradition of comity requires that we do not interfere with the "legitimate activities of the state." This court will not review plaintiff's damages claim until the State of New Jersey makes a final determination on the constitutionality of his conviction.

■ Although we will dismiss plaintiff's § 1983 claims we are cognizant of the possibility that the statute of limitations may run before plaintiff may properly file a new damages complaint. For the record, the court notes that the statute of limitations was tolled upon plaintiff's filing the present complaint on December 4, 1986 and will resume after the constitutionality of his indictment and conviction is fully adjudicated by the state courts. Accordingly, plaintiff's § 1983 claim is dismissed without prejudice to his right to file a new complaint after a final determination of the underlying constitutional issues by the New Jersey state courts.

Since we have dismissed the complaint, we need not consider the plaintiff's motion for appointment of counsel.

It is therefore on this 29th day of July 1987,

ORDERED that the plaintiff's complaint be and hereby is dismissed as to all defendants without prejudice; and it is further

ORDERED that plaintiff's motion for appointment of counsel be and hereby is denied.